# Law Offices of Joseph R. Conte, P.L.L.C.
400 Seventh Street, N.W. Suite 400
Washington, D.C. 20004-2206
202.638.4100
Fax: 202.628.0249
email: jrc1113@msn.com

November 4, 2005

Mr. Jack Guise, Esquire
Office of the U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

        Re:    *United States of America v. Michael Huggins*
                  Cr. No. 05-386 (ESH)

Dear Mr. Guise:

        This is to advise you that I represent the above named defendant and to request discovery of the following materials based upon the following authority.

        Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, a general Rule 16 request and, specifically, I request on behalf of my client;

        (1)  That you determine if you or any member of the team prosecuting[1] my client have in your possession, custody, control or knowledge, written, oral, or recorded statements of any kind made by my client which you intend to offer into evidence or use for impeachment at the trial of this matter.  This request encompasses statements made before or after arrest.  I request that you provide me with the substance of the oral statements, if any; and to inspect, copy and photograph the written or recorded statements.

        (2)  That you determine if my client has a prior criminal

---

[1]This should include the members of the Metropolitan Police Department, The United States Park Police, the Federal Bureau of Investigation, the Drug Enforcement Administration, or any other agency which has investigated this case. *United States v. Rippy*, 196 U.S. App. D.C. 243, 606 F.2d 1150 (1979).  *United States v. Bryant*, 142 U.S. App. D.C. 132, 439 F.2d 642, *aff'd after remand*, 145 U.S. App. D.C. 259 448 F.2d 1182.

Mr. Jack Guise, Esquire
November 4, 2005
Page -2-

record and that you provide me with a copy of it.

      (3)  That you permit me on behalf of my client to inspect, copy, and photograph any books, papers, documents, photographs, tangible objects, buildings or places or copies under control of the government which are material to the preparation of the defense of my client or are intended to be used by the government in its case in chief or were taken from or belong to my client.  If you intend to use any of the above which is not within the possession custody or control of the government, I request that you provide me with the name and address of the individual or entity where they are located.

      (4)  That you determine if you or any members of the team prosecuting my client have in your possession reports of mental or physical examinations or results of scientific tests or experiments.  If you do, I request that you permit me on behalf of my client to inspect and copy or photograph any results or reports of physical or mental examinations., and of scientific tests or experiments now in your custody or control.  If you know of the location of the above which is not in your custody.  I request that you provide me the name and address of the entity that now possess the above information.

      (5)  That you provide me a written summary of expert testimony you intend to use at trial.  This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.  This would include any drug expert.

      Because possession of *Jencks* material as defined in Title 18, United States Code, 3500, by any governmental agency puts you in vicarious possession of it and thereby subject to production, I request that you cause a search of the files of all agencies involved in the investigation of this case to determine what, if any, Jencks material exists.

      In the spirit of the American Bar Association <u>Standards Relating To Discovery and Procedure Before Trial</u>; *United States v. Sabastion*, 497 F.2d 1267, 1270 (2nd Cir. 1970); and the admonishments contained in *United States v. Hinton*, to facilitate an orderly and smooth flowing trial, to avoid unnecessary delays once the jury is empaneled, and to avoid inconvenience to the court; I request that you provide me on behalf of my client any statements of witness whom you intend to call at trial which relates to their testimony on direct examination,  I request

Mr. Jack Guise, Esquire
November 4, 2005
Page -3-

that you do so at least 21days before trial. This would be in accord with *Jencks v. United States*, 353 U.S. 657; 18 U.S.C. 3500; and *Duncan V. United States*, 126 U.S. App. D.C. 371, and 379 F.2d 148 (1967). See also *In Re S.W.B.*, 321 A.2d 546 (1976).

      Please be advised that we expect the *Jencks* material to include notes taken by you or any other prosecutors while interviewing government witnesses in accordance with *Goldberg v. United States*, 425 U.S. 94 (1976); *Middleton v. United States*, 401 A.2d 109 (1976); and *Sanders v. United States*, 114 U.S. App. D.C. 345, 316 F.2d 346 (1963); summaries of statements prepared by clerks in accordance with *Williams v. United States*, 119 U.S. App. D.C. 177, 338 F.2d 286 (1964); rough notes of police officers and investigators in accordance with *United States v. Bundy*, 153 U.S. App. D.C. 191, 472 F.2d 1266 (1972); and police forms, reports, and radio runs in accordance with *Montgomery v. United States*, 384 A.2d 655 (D.C. 1978), and *Clancey v. United States*, 365 U.S. 312 (1961). Police reports included in this *Jencks* request include reports prepared on any juvenile arrested along with my client, including the case number of the juvenile proceeding.

      Pursuant to *Lewis v. United States*, 498 A.2d 33 (D.C. 1979); *Giglio v. United States*, 405 U.S. 150 (1972); and *Merriweather v. United States*, 466 A.2d 853 (D.C. 1983), I request that you provide me, at least 21 days before trial with the following:

> the prior criminal record of all witnesses the
> United States plans to call at trial, [2]
>
> the substance of any promises, privileges,
> immunities or preferential treatment given by the
> government to any of the witnesses it plans
> to call at trial

---

  [2]   This should include juvenile records in accordance with *Lewis v. United States*, 393 A.2d 109, at 118 (D.C. 1978) and *Davis v. Alaska*, 415 U.S. 308 (1974).

Mr. Jack Guise, Esquire
November 4, 2005
Page -4-

I request that you provide me with any evidence which you plan to offer against my client pursuant to *Drew v. United States*, 118 U.S. App. D.C. 11, 331 F.2d 85 (1964), and Rule 404(b) of the Federal Rules of Evidence. I further request that you do so as soon as possible and no later than four weeks before trial so that we can investigate the evidence you plan to present, research it and provide the court with authority on our position concerning whether it is admissible at trial.

On behalf of my client I make a general demand for all exculpatory material discoverable pursuant to *Brady v. Maryland*, 383 U.S. 83 (1963).

I request that I be provided with the following specific *Brady* material:

The photographs used in any photographic array;

Any prior false allegations of criminal conduct by any of the government witnesses. *Giles v. Maryland*, 386 U.S. 66 (1967); *Brooks v. United States*, 396 A.2d 200 (D.C. 1978);

The names, addresses, and telephone numbers of all persons who failed to identify my client from a line up or photo array, *Mangram v. United States*, 418 A.2d 1071 (D.C. 1980);

The names, addresses, and telephone numbers of all persons who identified someone other than my client as the perpetrator, *United States v. Bolden*, 169 U.S. App. D.C. 60, 514 F.2d 1301 (1975); *United States v. Ash*, 413 U.S. 300, at 318-319 (1973);

The names, addresses, and telephone numbers of all persons who expressed reluctance in their identification of my client, *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968);

Mr. Jack Guise, Esquire
November 4, 2005
Page -5-

>the names, addresses, and telephone numbers of all persons who stated the accused was not the perpetrator, *United States Ex Rel Meers v. Wilkins*, 396 F.2d 135 (2d Cir. 1964).

>the results of all fingerprint reports where finger prints where recovered that did not belong to my client whether or not the prints have been identified.

In addition to the above I also request:

>A copy of any and all search warrants and accompanying affidavits.  All statements the government intends to introduce at trial made by any co-defendant in this action. See  *Bruton v. United States*, 392 U.S. 123 (1968).

>In the case of a forced entry, a copy of the report of forced entry.

>In the case of an undercover buy operation a copy of the police officer's buy report.

In the event that you take the position that my client is not entitled to any of the above requested material, I request that you preserve it in accordance with *United States v. Perry*, 153 U.S. App. D.C. 89, 471 F.2d 1057 (1972); *United States v. Bryant*, supra; *Johnson v. United States*, 336 A.2d 545, (D.C. 1981); and *Montgomery v. United States*, 384 A.2d 655 (D.C. 1978) for an *in camera*, inspection in accordance with *United States v. Jackson*, 430 A.2d 1380 (D.C. 1981).

In order to avoid confusion over what has and what has not been provided pursuant to this request, I request that your response be in writing in accordance with *Rosser v. United States*, 381 A.2d 598 (D.C. 1977); and *Mangram v. United States*, 418 A.2d 1071, at n. 12 (D.C. 1980).

Mr. Jack Guise, Esquire
November 4, 2005
Page -6-

      In the event you deem a written response inappropriate, I request that you have the requested material available at a discovery conference. Please call me and advise me of a time that is convenient for doing so.

      I anticipate having photographs of the scene and/ or ariel photographs. In addition to these any other material which you are entitled to will be available for inspection as soon as they are in my possession. I will contact you as soon as they are complete.

      I will provide the name, social security number, and date of birth for any of my witnesses on the date of trial. Should this list be extensive I will provide them prior to trial only in the event it does not jeopardize my defense.

      Finally, I am advising you at this time that, on behalf of my client, I am formally asserting his Fifth and Sixth Amendment rights as to this case and any other case past or future.

      Thank you in advance for your cooperation.

      Sincerely,

      Joseph R. Conte

JRC/jc