UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL HUGGINS,<br>　　　　　　　Defendant. | Criminal No.  05-386-5 (ESH) |

**DETENTION MEMORANDUM**

The Defendant, Michael Huggins, has been charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years.  Specifically, the Defendant is charged with conspiracy to distribute cocaine and cocaine base.  The government requested a detention hearing which was held on November 3, 2005.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by written and oral proffer. According to the government, the Defendant was one of at least nine individuals involved in a large scale crack cocaine and powder cocaine distribution operation. The government alleges that Antoine Jones, a Co-Defendant indicted with Huggins, was a major distributor in this drug ring, based in the District of Columbia. The government further alleges that Huggins conspired with Jones and the other named Defendants to distribute large quantities of cocaine. Specifically, the government alleges that Huggins is one of Jones' distributors.

Over a period of approximately two months, from Sept. 2, 2005 to Oct. 24, 2005, law enforcement agents intercepted phone conversations between Huggins and Jones using a wiretap of Jones' cell phone. According to the government, Jones speaks in "coded" conversations with other members of the narcotics distribution ring, referring to various quantities of cocaine as "tickets," "half-tickets" or "VIP tickets," for example. On Oct. 5, 2005, the government intercepted a call during which Jones asked Huggins how many tickets he had left. Huggins responded that he had two earlier, but that now he only had a half. The government orally supplemented its written proffer with a second example of a coded conversation. The government alleges that on Oct. 23, 2005, Huggins told Jones he needed four tickets. The remaining phone calls between Jones and Huggins described in the government's written proffer do not provide any specific evidence of drug transactions.

On Oct. 24, 2005, based on the intercepted phone calls and other information, agents executed search warrants at multiple locations, including Huggins' home. Agents executed the search on Huggins' home, 5119 Barto Avenue, Suitland, Maryland, shortly after 6:00 in the morning. The only person at home was Huggins' 15 year old step son. Agents found 1/8 of a kilo of cocaine

between the mattress and boxspring in the master bedroom. Agents also recovered $5000 in cash and a digital scale from a built-in safe in a closet in the same bedroom. Another $5,700 in cash was also seized from the house.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

A grand jury returned an indictment charging the Defendant with conspiracy to distribute narcotics, a violations of the Controlled Substances Act. When, as here, probable cause exists to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the

Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  The Defendant was allegedly an active participant in a major drug distribution conspiracy involving sales of cocaine, a particularly destructive and dangerous narcotic.

The second factor, the weight of the evidence, also favors detention.  A grand jury has found probable cause to believe that the Defendant participated in the drug conspiracy.  At least two of the Defendant's recorded conversations are suggestive of drug trafficking.  More significantly, a search of Defendant's home resulted in the seizure of 1/8th of a kilo of cocaine and $10,700 in cash.

The third factor, the history and characteristics of the Defendant, does not favor detention.  Defendant has a steady job as a plumber.  His employer appeared in court to offer his assurances that the Defendant could return to work if released.  The Defendant owns a home and he has extensive family connections in the local area.  His wife has offered to serve as a third party custodian. The Defendant also has no prior history for failure to appear.  In fact, he turned himself into the police.  Thus, the Defendant's history does not indicate that he would be a flight risk if released post trial or that he poses a danger to the community.  Nevertheless, the Court finds, based on the other factors discussed herein, that the Defendant has not overcome the presumption that he poses a danger to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendants be released, also favors detention.  The Defendant is charged with conspiracy to sell large quantities of cocaine, a drug that destroys the lives of D.C. residents on a daily basis.  The

- 5 -

charges indicate that the Defendant, if released, would pose a substantial danger to the community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendants' pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: November _7th_, 2005           ____/s/_____
                                      ALAN KAY
                                      UNITED STATES MAGISTRATE JUDGE