UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 05-0386-05 (ESH) |
| | ) | |
| MICHAEL HUGGINS | ) | |
| | ) | |

**DEFENDANT MICHAEL HUGGIN'S
APPEAL OF DETENTION ORDER**

        COMES NOW, Michael Hugginst, defendant number 5, through Joseph R. Conte, 400 Seventh St., N.W., #400, Washington, D.C. 20004, pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court to revoke the pre-trial detention order of Magistrate Judge Kay and to release the defendant to the District of Columbia Pre-Trial Services Heightened Supervision Program or alternatively to a District of Columbia Half-way house with work release privileges. As grounds for this motion counsel would state the following:

**BACKGROUND**

        1. The defendant is charged with Conspiracy to Distribute and Possess With Intent to Distribute Cocain Base in violation of 21 U.S.C. §846.

        2. A detention hearing was held in this matter on November 3, 2005, before the

Honorable Magistrate Judge Kay. The defendant has been held without bond since.[1]

3. Although the defendant has a criminal history he has only one felony conviction and has had no contact with the criminal justice system since 1992.

4. The defendant is a life-long resident of the District of Columbia with extensive family in the area. The defendant is 41 years old with a wife and seven children whom he supported prior to his arrest. The defendant was a plumber and was employed at the time of his arrest.

## FACTORS TO BE CONSIDERED

5. Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of any person and the community. Those factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including --
>     (A) the persons's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

---

[1] Counsel has ordered the transcript of this proceeding however it has not yet been received.

## ARGUMENT

6. There is a rebuttal presumption contained in 18 U.S.C. §3142(e) that no condition or combination of conditions will reasonable assure the safety of any person or the community if the judge finds that there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. The indictment itself is sufficient to create the probable cause creating the rebuttal presumption of flight. United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985). However, "Reasonably assure" does not mean that release conditions must "guarantee" community safety and the defendant's appearance. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). In addition in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985) the First Circuit concluded that the statutory presumptions raised by the serious drug offense shifted only the burden of production and not persuasion to the defendant. Once the defendant produces some evidence the presumption does not does not evaporate but rather allows the court to give appropriate weight to the presumption without shifting the burden of persuasion. See United States v. Freitas, 602 F.Supp 1283 (N.D. Cal. 1985), and United States v. Portes, 786 F.2d 758 (7th Cir. 1985). The government retains the burden of proof by a preponderance where the issue is risk of flight, United States v. Vortis, 785 F.2d 327 (D.C. Cir. 1986), or by clear and convincing evidence if the issue is danger to a person or the community.

7. The defendant is 41 years old and a life-long resident of the District of Columbia area. Additionally, the defendant has extensive ties to the community including a wife and seven

children whom he supported prior to his arrest.

      8. Pre-Trial Services Agency High Intensity Supervision Program or a half-way house placement can ensure that the defendant is either at work or at home/half-way house when not working thus ensuring the safety of the community.

      WHEREFORE, counsel respectfully requests that this motion be granted.

Respectfully submitted,

_____
Joseph R. Conte, Bar #366827
400 Seventh St., N.W., #400
Washington, D.C. 20004
(202) 638-4100
Fax (202) 628.0249

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was served by Electronic Case Filing to:

Rachel Carson Lieber, Esquire

John V. Geise, Esquire

this 1st day of March, 2006

                                                                     _____

                                                                         Joseph R. Conte