UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-0386 (ESH) |
| | ) | |
| MICHAEL HUGGINS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Michael Huggins, along with nine others, has been charged with one count of conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which is an offense punishable by ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii). At the government's request, a detention hearing was held before Magistrate Judge Alan Kay on November 3, 2005, at which time he ordered Huggins held without bond pursuant to 21 U.S.C. § 3142(e). Magistrate Judge Kay issued a Detention Memorandum on November 7, 2005. On March 1, 2006, the defendant filed a motion under 18 U.S.C. § 3145(b) to review the magistrate's order and to obtain release pending trial. The government filed a response on March 16, 2006. The Court, having reviewed the defendant's motion and the government's response, finds that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e). The Court therefore affirms the magistrate's decision and orders that Mr. Huggins be detained pending trial.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, a judicial officer "shall order" the

detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). This determination is to be made based on a consideration of four factors: (1) the "nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). While the government is generally required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence, id. § 3142(f)(2), this burden does not apply in all cases. Where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et. seq.*, it is to be presumed that no set of conditions would be sufficient to reasonable assure the defendant's appearance and the community's safety. *Id.* This presumption is subject to rebuttal by the defendant. *Id.*

      The Court finds that there is probable cause to believe Mr. Huggins was part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base -- a violation of the Controlled Substance Act punishable by a maximum term of life imprisonment, *see id.* § 841(b)(1)(A)(iii), thus raising a rebuttable presumption that no condition or set of conditions will reasonably assure his appearance or the community's safety under 18 U.S.C. § 3142(e). The government presented substantial evidence connecting Huggins to Antoine

Jones, the subject of an extensive federal narcotics investigation involving a wire tap on Jones' cell phone, other phone records, physical surveillance and searches at multiple locations.  As clarified by the government in its response, Huggins was one of numerous individuals meeting with and speaking to Jones by telephone in a manner consistent with the operation of a widespread drug distribution network.  The second superseding indictment cites six phone calls between Huggins and Jones in furtherance of the conspiracy: two coded conversations on September 27, 2005, regarding the collection of drug payments by Huggins; one coded conversation on September 28, 2005, regarding whether Huggins had money to pay Jones; one coded conversation on October 8, 2005, regarding a delay in the cocaine shipment; one coded conversation on October 12, 2005, informing Huggins that the cocaine shipment was expected the following day; and one call on October 13, 2005.  On October 24, 2005, officers executed a number of search warrants, including one on Huggins' residence.  The search recovered approximately 125 grams of cocaine, $5,000.00 in cash, and a digital scale from Huggins' bedroom.  An additional $5,750.00 in cash was recovered elsewhere in the house.  Such information is more than sufficient to support a finding that Huggins was involved in drug dealing and was a knowing participant in Jones' drug conspiracy.

     In attempting to rebut the presumption raised under Section 3142(e), Huggins cites his "extensive ties" to the Washington, D.C. area and the fact that he financially supports his wife and seven children.  Huggins further filed numerous character letters from family, friends and his employer in support of his release.  Without dwelling on the merits of Huggins' attempt to focus on his character, employment and family and community ties, it is sufficient to note that this is only one of four factors the Court must consider in determining the appropriateness of pretrial detention.  Each of the remaining factors speaks to the need for detention in this case.  First, the

offense charged is an extremely serious one "involv[ing] a narcotic drug" and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the unrebutted evidence indicates that a substantial amount of cocaine and drug paraphernalia was found in his home. *See id.* § 3142(g)(4). Third, Huggins has several previous convictions, including possession with intent to distribute marijuana, smuggling contraband (heroin) to an inmate, and possession of cocaine. Thus, there is more than ample evidence upon which to conclude that he was involved in a large-scale drug conspiracy which, regardless of his employment and family responsibilities, constitutes a serious threat to the community. When this factor is considered along with the other relevant factors, it is clear that defendant cannot overcome the law's presumption against pretrial release.

The Court hereby denies defendant's Motion and affirms the detention order of Magistrate Judge Kay. In accordance with 18 U.S.C. § 3142(i), the Court directs that Mr. Huggins remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

ELLEN SEGAL HUVELLE
United States District Judge

Date:  March 17, 2006

cc:  Magistrate Judge Alan Kay