UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 05-386 (ESH) |
| v. | |
| ANTOINE JONES,<br>    also known as "Toine," | |
| ADRIAN JACKSON, | |
| MICHAEL HUGGINS, | |
| KEVIN HOLLAND, | |
| LAWRENCE MAYNARD, | |
| KIRK CARTER, | |
| ALBERTO ROLLANDO CARRILLO-MONTELONGO, | |
| ROEL BERMEA, JR., and | |
| RICARDO SANCHEZ-GONZALEZ,<br>            Defendants. | |

ORDER

_____The Government having filed a motion to exclude time under the Speedy Trial Act, the Court hereby makes the following findings:

1.      The government returned a nine defendant, one-count indictment on October 25, 2005, charging the defendants with narcotics conspiracy, in violation of 21 U.S.C. § 846. On November 23, 2005, the Court granted the government's first Motion for Exclusion of Time under the Speedy Trial Act, for a period of 180 days, due to the complex nature of the case.

2.      A superseding indictment was issued on March 16 2006, charging ten defendants – eight from the original case, and two others – with narcotics conspiracy and additional

substantive counts.

3. On December 19, 2005, defendant Antoine Jones filed a motion for law library access; on February 26, 2006, defendant Jones filed a motion for modification of his conditions of confinement. Both of these motions were pending at the time of the return of the superseding indictment. The Court ruled on those motions on April 24, 2006. The Court finds, therefore, that under 18 U.S.C. § 3161(h)(7), the Speedy Trial Act time period within which the trial must commence shall exclude the period of time from the return of the superseding indictment until April 24, 2006, the date of the Court's ruling on the outstanding motions.

4. The Court further finds that additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for trial. The Court finds further that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

5. Based on the quantity of evidence and the number of defendants, and the very serious nature of the charges, the Court finds that this case is "unusual" and "complex" within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

6. Regardless of whether this case is "unusual" or "complex," based upon the quantity of evidence and the number of defendants, and the very serious nature of the charges, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.   Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of June, 2006, hereby

ORDERED, that, in accordance with 18 U.S.C. § 3161(h)(7), the date from the return of the superseding indictment through the date on which the Court ruled on defendant Jones's outstanding motions shall be excluded from the computation of time under the Speedy Trial Act within which to commence trial.

It is further ORDERED that, in accordance with 18 U.S.C. §§ 3161 (h)(8)(A), (h)(8)(B)(ii), and (h)(8)(B)(iv), a period of 180 days from that date, April 24, 2006, shall be excluded the time within which to commence trial.

_____
JUDGE ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT COURT