**TAB 1**

**JONES**

**CHARGE**
DISTRIBUTION OF COCAINE

**DOCUMENT**
JUDGMENT & COMMITMENT ORDER

BOOK 295 PAGE 591

COMMONWEALTH OF VIRGINIA

VS                                                          CR91-1054

ANTOINE JONES

   THE 23rd day of October, 1991 came the Commonwealth of Virginia, by its Attorney, Esther L. Wiggins, the Defendant pursuant to his personal recognizance and his Retained Attorney, Leo Andrews.

   WHEREUPON the Defendant, after being fully advised by his counsel, personally waived his right to trial by jury and requested that the Court should hear and determine the case without the intervention of a jury, the Attorney for the Commonwealth and the Court concurring in the waiver; the said waiver by the Defendant being found by the Court to have been voluntarily and intelligently given.

   WHEREUPON the Defendant, after conferring with his Attorney, moved the Court for leave to withdraw his plea of "Not Guilty" and enter a plea of "Guilty" to the charge in the indictment herein, which said motion the Court granted and the said plea of "Not Guilty" was accordingly withdrawn; the Commonwealth of Virginia consenting to the entry of the plea of "Guilty" to "Distribution of Cocaine".

   THEREUPON the Defendant, after further conference with his Attorney, entered a plea of "Guilty" to the charge of "Distribution of Cocaine" as contained in the indictment herein, which plea was found by the Court to be voluntarily and intelligently entered, with an understanding of the nature of the charge and the consequences of the plea.

   WHEREUPON at the request of the Defendant, and with the consent of the Court and the Commonwealth of Virginia, the Court heard this case without the intervention of a jury, all matters of law and fact being presented to the Court for determination.

   UPON CONSIDERATION WHEREOF it is the opinion of the Court that the Defendant is "Guilty" of the charge of "Distribution of Cocaine" as contained in the indictment herein and so finds.

   AND IT BEING DEMANDED of the accused if he desired to make a statement or to advance any reason why Judgment should not be pronounced against him according to law, and nothing being offered or alleged in delay of Judgment, it is accordingly the Judgment of this Court that the said Antoine Jones, be and he hereby is sentenced to confinement in the Penitentiary of this Commonwealth for a period of six (6) years, payment of a fine of

BOOK 295 PAGE 592

CR91-1054

$100.00, and payment of the costs of these proceedings; the execution of three (3) years of the said Penitentiary sentence and the said fine being hereby suspended conditioned upon the Defendant's uniform good behavior for a period of three (3) years and payment of the costs of these proceedings.

IT IS FURTHER ORDERED by the Court that as soon as possible after the entry of this order, the Defendant be removed and safely conveyed according to law from the Jail of this Court to the Penitentiary of this Commonwealth; therein to be kept, confined and treated in the manner provided by law.

THE COURT CERTIFIES that at all times during the trial of this case, the accused was personally present.

THE birthdate of the Defendant is reported to be February 25, 1960.

BE IT REMEMBERED that the offense date herein was on or about February 20, 1991.

IT IS FURTHER ORDERED by the Court that the appearance bond of the Defendant be revoked and the surety thereon relieved and released from further liability thereon and the Clerk is hereby directed to so indicate in his records, referring to this order for his authority.

AND the Defendant is hereby remanded to jail.

Entered this 13TH day of Nov., 1991.

_____
Judge

A COPY,

TESTE: DAVID A. BELL, Clerk

By _____
Deputy Clerk

DAVID A. BELL, CLERK
ARLINGTON COUNTY
ARLINGTON, VIRGINIA