**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| V.                              ) | CR. NO. 05-0386-05 (ESH) |
| ) | |
| ) | |
| MICHAEL HUGGINS         ) | |

**MICHEAL HUGGINS**
**MOTION FOR RECONSIDERATION OF DETENTION ORDER**

**COMES NOW**, Michael Huggins, defendant number 5, through undersigned counsel Rudolph Acree. Jr, pursuant to 18 U.S.C. §3145(b) to respectfully request this Honorable Court to revoke the pre-trial detention order of Magistrate Judge Kay and to release the defendant or place the defendant in Pretrial Service Agency General Supervision for District Court with conditions as seen fit. As grounds for this motion counsel would state the following:

**BACKGROUND**

1. The defendant was charged with, three counts of conspiracy to distribute and possess with intent to distribute Cocaine, in violation of 21 U.S.C. §846; 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii); U.S.C. §§841(a)(1) and 841(b)(1)(C). The defendant as well was charged with five counts of use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C §843(b).

2. Soon after Mr. Huggins became aware there was a warrant for his arrest outstanding he voluntarily turned himself in without incident.

3. A detention hearing was held in November of 2005, before the Honorable Magistrate Judge Kay. The defendant has been held without bond since. At trial the defendant was found not guilty on all charges except one.

4. The outstanding charge, a single count of use of a communication facility is a less than ten-year offense, 21 U.S.C §843(b).

5. The defendant has never violated or been charged with failure to comply with the Bail Reform Act.

6. The defendant is a life-long resident of the District of Columbia metropolitan area with extensive family in the area. The defendant is 42 years old with a wife and children whom he resided with prior to his Arrest. At the time of his arrest, Mr. Huggins was employed full-time as a plumber by Associates Plumbing of Virginia Inc.

7. The defendant will be able to resume employment with Associates Plumbing of Virginia Inc. upon release.

## FACTORS TO BE CONSIDERED

8. Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonable assure the appearance of the person as required and the safety of the community. Those factors are:

   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person—

      i. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

     ii. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release while pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

## ARGUMENT

There is a rebuttable presumption contained in 18 U.S.C. §3142(e) that no condition or combination of conditions will reasonable assure the safety of any person in the community if the judge finds that there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  The indictment itself is sufficient to create the probable cause creating the rebuttable presumption of flight.  United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985).  However, "Reasonably assure" does not mean that release conditions must "guarantee" community safety and the defendant's appearance. United States v. Orta, 760 F.2d 887 (8th Cir. 1985).  In addition in United States v. Jessup, 757 F.2d 758 (1st Cir. 1985) the First Circuit concluded that the statutory presumptions raised by serious drug offense shifted only the burden of production not persuasion to the defendant.  Once the defendant produces some evidence the presumption does not evaporate but rather allows the court to give appropriate weight

to the presumption without shifting the burden of persuasion. See <u>United States v. Fretias</u>, 602 F.Supp 1283 (N.D. Cal. 1985), and <u>United States v. Portes</u>, 786 F.2d 758 (7th Cir. 1985). The government retains the burden of proof by a preponderance where the issue is risk of flight, <u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir.1986), or by clear and convincing evidence if the issue is danger to a person or the community.

    Furthermore, the verdicts returned to this Court acquitting Mr. Huggins of all charges except an outstanding charge for a less than ten-year offense narrows the probable cause for detention that was raised by the indictment. Review of the defendant's detention is limited to the outstanding charge before this Court.

    This Court based on his documented past has no reason to believe that Mr. Huggins is a risk of flight. In addition, there is no clear and convincing evidence to support the idea that Mr. Huggins is a danger to the community. Indeed there is nothing of a violent nature in Mr. Huggins's history; and in the matter before this Court there have been no allegations of firearms or weapons to speak of. We believe that this Court could fashion a scenario where by Mr. Huggins can continue to work, and at the same time comply with any conditions set forth by this Court.

    **WHEREFORE**, counsel respectfully requests that this motion be granted.

Respectfully Submitted

_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave.
Suite 506
Washington, DC 20036
(202) 331-1961
Fax (202) 331-7004

## CERTIFICATE OF SERVICE

**I HEARBY CERTIFY** that a copy of the foregoing was served through electronic case filing to AUSA Rachel Lieber on January 19, 2007.

_____/s/_____
Rudolph Acree, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| V.            ) | CR. NO. 05-0386-05 (ESH) |
| ) | |
| ) | |
| Michael Huggins    ) | |

### ORDER

This matter is before the Court on the defendant Michael Huggins's motion for revocation of detention order and the Court, having considered the motion, the government's response thereto and the record in the case it is this __ day of _____2007,

**ORDERED** that the defendant's motion should be and hereby is **GRANTED** and it is

**FURTHER ORDERED** that the defendant be placed in home monitoring pending the trial in this matter.

**SO ORDERED.**

                                                                                                       Honorable Judge Huvelle
                                                                                                       United States District Court

Copies to:

Mr. Rudolph Acree, Jr.
1211 Connecticut Ave
Suite 506
Washington, DC 20036
Counsel for Michael Huggins

Ms. Rachel Lieber
Assistant United States Attorney
555 4th St., NW
Room 4444
Washington, DC 20530
Counsel for the United States